SEVENTH NATIONAL BANK OF NEW YORK, Respondent, *v.* JOSEPH J. SCHICKLER, Appellant.*

No opinion. Present — Finch, P. J., Merrell, Martin, Sherman and Townley, JJ.; Finch, P. J., dissents.

FINCH, P. J. (dissenting). The judgment appealed from should be reversed and a new trial granted. The error in the charge of the court was so vital that substantial rights of the parties were thereby prejudiced. (Civ. Prac. Act, § 105.) Action by a bank on a promissory note, the making of which was admitted and the liability thereon conceded. The only issue tried was contained in the affirmative defense and counterclaim of the defendant. This was predicated upon an agreement of employment to effect a merger between the plaintiff and another bank. There was at the very least a close question of fact presented, namely, whether the defendant had been employed to and did in fact bring about a merger between the plaintiff and another bank. An analysis of this record would seem to show that the judgment is against the weight of the evidence and that the defendant did in fact bring about the negotiations which ended in the merger of the banks and that during the course of these negotiations he was displaced by the plaintiff so that the largest stockholder of one of the banks might be treated as the broker and receive a commission of some $37,000, and thereby be induced to consent to the merger. The defendant urged with force that he had brought together the principals between whom the merger subsequently was effected and that during the course of these negotiations he was requested to permit the principals to conduct future negotiations between themselves. Further, that in order to bring about a merger, the consent of one Spielberg, a large stockholder of the plaintiff, was necessary. This consent was obtained by recognizing him as the broker in

* Affd., 262 N. Y. 626.

the transaction and paying to him the commission. Plaintiff denied that the defendant had been employed, and claimed that the merger had been effected through the instrumentality of Spielberg upon an agreement to compensate the latter in the sum of $37,500. The issues turned entirely upon the credibility of the defendant as against that of the witnesses for the plaintiff. The witness Spielberg concededly owned and controlled a large amount of stock of the plaintiff bank and was the individual recognized by the plaintiff as the broker in the transaction. Obviously, he would seem an interested witness as matter of law. The witness Klein is a former attorney for the plaintiff and represented it in the transaction which resulted in the merger. The witness Kugel was chairman of the board of the bank with whom plaintiff merged, and chairman of the merged institution. The plaintiff depended largely upon the testimony of these witnesses to rebut the *prima facie* case made out by the testimony of the defendant. It is elementary that whether these witnesses were interested should at least have been submitted to the jury as a question of fact. Yet in this case, presenting so closely contested an issue of fact, the court charged the jury, over the exception of defendant and at the request of the plaintiff, that the witnesses of the plaintiff, Spielberg, Klein and Kugel, were disinterested witnesses as matter of law. The jury evidently credited the testimony of the defendant that he had initiated the negotiations which ripened into a merger, as they requested instructions whether " it is possible to render a verdict for the plaintiff with recommendations for some remuneration for the defendant for actual initial services rendered." So believing they had to weigh the opposing testimony under instructions of the court that the witnesses giving the same were disinterested witnesses as a matter of law when in fact the witnesses in question were highly and vitally interested or at the very least the interest of these witnesses should have been submitted to this jury as a matter of fact. It follows that the judgment appealed from should be reversed and a new trial granted.